**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 22-4058

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAAD SHADEE WASHINGTON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00016-JPB-JPM-1)

─────────────

Submitted:  February 7, 2023                    Decided:  February 21, 2023

─────────────

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaad Shadee Washington pleaded guilty to distribution of methamphetamine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860, and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court varied downward from Washington's advisory Sentencing Guidelines range and sentenced him to 84 months' imprisonment. On appeal, Washington's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Washington's sentence of imprisonment is procedurally and substantively reasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

2

set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

As to the procedural reasonableness of Washington's 84-month sentence, counsel questions whether the district court erred in calculating the Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), based on the court's finding that Washington possessed a firearm. We discern no clear error in the district court's application of the firearm enhancement. *See United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (stating standard of review). Police officers observed Washington leave a residence and travel down the street to sell a quantity of methamphetamine to an informant. About two weeks later, officers executed a search warrant at that residence while Washington was present. In a bedroom closet, officers found a pistol next to a quantity of fentanyl and a sweatshirt identical to a sweatshirt that Washington had worn during a separate controlled purchase of methamphetamine about a month before the search. Those facts establish the necessary "temporal and spatial relation linking" the pistol to Washington and his relevant drug activity. *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Manigan*, 592 F.3d 621, 630 (4th Cir. 2010) ("[A] sentencing court might reasonably infer, in the proper circumstances, that a handgun seized from the residence of

3

a drug trafficker was possessed in connection with his drug activities."). We thus conclude that the district court properly applied the firearm enhancement.

In addition to correctly calculating Washington's Guidelines range, the district court adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's request for a lower sentence. *See Gall*, 552 U.S. at 49-51. We are therefore satisfied that Washington's sentence of imprisonment is procedurally reasonable.

Finally, counsel questions whether Washington's 84-month sentence is substantively reasonable. We conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Washington's below-Guidelines sentence. The district court explained why an 84-month sentence was necessary using the § 3553(a) factors. In particular, the district court emphasized that Washington was responsible for multiple sales of "ice" methamphetamine and that violence often accompanies trafficking in that substance. The district court also considered Washington's significant criminal record but noted that it did not involve violent behavior. And the district court acknowledged Washington's "sad life history" as described by his counsel. After weighing the aggravating and mitigating facts in the context of the § 3553(a) factors, the district court appropriately arrived at a sentence of 84 months. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We are therefore satisfied that Washington's sentence of imprisonment is substantively reasonable.

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*